IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAVELLE EVANS                                                                    PETITIONER

v.                                              Case No. 1:11-CV-1005

RAY HOBBS, Director,                                                            RESPONDENT
Arkansas Department of Correction[1]


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, LAVELLE EVANS, an inmate confined at the Federal Correctional Institution

("FCI") in Three Rivers, Texas, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C.

§ 2254.  The Petition was referred for findings of fact, conclusions of law, and recommendations for

the disposition of the case.

**A. Procedural Background**

On November 12, 2006, a Union County, Arkansas jury found Petitioner guilty of drug and

firearm offenses.  ECF No. 20, ex. A.  The circuit court sentenced him as a habitual offender to an

aggregate term of 80 years imprisonment to run consecutive to Petitioner's federal-prison sentence.

ECF No. 20, ex. A.  The Arkansas Court of Appeals affirmed Petitioner's convictions and sentences

on February 6, 2008.  *Evans v. State*, No. CACR 07-276, 2008 WL 316181, at *5 (Ark. App. Feb.

6, 2008).  Following his convictions being affirmed, Petitioner had eighteen calendar days to seek

---

[1]Rule 2(b) of the Rules Governing § 2254 requires a petitioner, who is not yet in custody under
the state-court judgment being contested, to name as respondents both the officer who has current
custody and the attorney general of the state where judgment was entered.  In this case, Petitioner
currently resides in a federal institution but is contesting future custody by the Arkansas Department of
Correction. Thus, Petitioner should have named his current federal custodian and the Attorney General
for the State of Arkansas rather than the Director of the Arkansas Department of Correction.

a rehearing or  review of the court of appeal's opinion by the Arkansas Supreme Court.  Ark. Sup.

Ct. R. 2-3(a) & 2-4(a).  Petitioner did not seek rehearing or review.

While imprisoned in the Three Rivers FCI , Petitioner states he worked on legal documents

pertaining to the Arkansas case.  ECF No. 24.  On October 19, 2007, Petitioner was transferred to

Dallas County, Texas, via a writ of *habeas corpus ad proseuendum* to face others charges.  ECF No.

11, exs. 1-4.  He was returned to Three Rivers FCI on October 6, 2008.  *Id.*  Further, from January

20, 2009 through July 9, 2009, Petitioner was put in administrative detention.  ECF No. 11, exs. 1-2.

During both his time in the Dallas County jail and in administrative detention, officials confiscated

Petitioner's legal materials and placed them in storage.  ECF No. 11, exs. 1-4.

On January 25, 2012, Petitioner filed a petition to reinvest jurisdiction in the Circuit Court

of Union County, Arkansas, in order to consider a petition for a writ of error *coram nobis*.  ECF  No.

20, ex. D.  This petition remains pending in the Arkansas Court of Appeals.

**B. Current Petition**

On September 30, 2009, Petitioner filed the instant Petition for *habeas corpus* relief pursuant

to 28 U.S.C. § 2244 in this Court.  ECF No. 2.  He raises three claims for relief.  Petitioner alleges:

(1) he was denied effective trial and appellate counsel; (2)  he was denied a fair and impartial trial

because of juror bias; and (3) he is actually innocent of the offenses for which he was convicted.

The Respondent asserts the Petition is untimely pursuant to 28 U.S.C. § 2244 (d)(1)(A).  Petitioner

argues that  his petition is timely under 28 U.S.C. § 2244 (d)(1) for two reasons.  ECF No. 24.  First,

the confiscation of his legal materials amounts to a state imposed impediment for the purpose of 28

U.S.C. 2244 (d)(1)(B).  ECF No. 24.  Additionally, Petitioner asserts that the seizure of his legal

materials justifies equitable tolling.  ECF No. 6.  Respondent denies that Petitioner is entitled to

equitable tolling.  ECF No. 20.

**C. Discussion**

   1. **One-year Statute of Limitations:**

   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter

"AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus*

statutes, including the addition of a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The

AEPDA provides that the one-year limitations period shall run from the latest of four possible

situations.  Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a

judgment becomes final by the conclusion of direct review or the expiration of the time for seeking

such review.  Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an

impediment to filing created by the State is removed.  Section 2244(d)(1)(C) specifies that the

limitations period shall run from the date in which a constitutional right has been initially recognized

by the Supreme Court and made retroactively applicable to cases on collateral review.  Section

2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate

of the claim or claims presented could have been discovered through the exercise of due diligence."

   Section 2244(d)(2) also provides that the time during which a "properly filed application"

for state post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation.[2]   The United States Court of

_____

[2]While Petitioner does not raise the issue, his *coram nobis* petition has no effect on the instant petition.  He filed his *coram nobis* petition on January 25, 2012.  The time between the date that direct review of a conviction is completed and the date an application for state post-conviction relief is filed counts against the one-year statute-of-limitations period.  *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011).  Petitioner's *coram nobis* petition was filed after the federal *habeas* petition and after the limitation period had expired.  Thus, it does not have any tolling effect.

Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when extraordinary circumstances have made it impossible for the *habeas* petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The United States Supreme Court has recently addressed this provision as it relates to a state court conviction:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S.____, 132 S.Ct. 641, 653-54 (2012). In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court his conviction becomes final when the time for pursuing his state court direct appeal expires, and the one-year limitations period of 28 U.S.C. § 2244 begins to run from that date.

In the present case, the Arkansas Court of Appeals affirmed Petitioner's convictions and sentences on February 6, 2008. *See Evans*, 2008 WL 316181, at *5. Arkansas Supreme Court Rules 2-3(a) & 2-4(a) require that petitions for review or rehearing be filed within eighteen calendar days of the Court of Appeals's decision. Petitioner did not file any such petition and did not seek a writ of *certiorari* to the United States Supreme Court. Thus, Petitioner's convictions and

sentences became final on February 25, 2008,[3] and the one-year limitations period of 28 U.S.C. §

2244 began to run from that date.  Petitioner filed the pending Section 2254 Petition on September

30, 2009, more than seven months after the expiration of the one-year limitations period.

Accordingly, the Petition is time-barred unless some tolling provision applies.

Petitioner argues that 28 U.S.C. § 2244(d)(1)(B) should apply in his case.  ECF No. 24.

Section 2244(d)(1)(B) is applicable where a petitioner can show that "State action in violation of

the Constitution or laws of the United States" created an impediment to filing the petition.   28

U.S.C. 2244 (d)(1)(B).  The plain language of the statute clearly requires that "'whatever constitutes

an impediment <u>must prevent a prisoner from filing his petition</u>.'"  *Earl v. Fabian*, 556 F.3d 717,

726 (8th Cir. 2009)(quoting *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007))(emphasis

added).  Inmates have a constitutional right of access to the courts that mandates some means for

ensuring a "reasonably adequate opportunity to present claimed violations." *Lewis v. Casey*, 518

U.S. 343, 351 (1996).  If such a showing is made, the one-year limitation period begins from the

date such impediment is removed.  28 U.S.C. §  2244 (d)(1)(B).  Here,  Petitioner argues that the

seizure of his legal documents from October 19, 2007 through October 6, 2008 and from January

20, 2009 until July 9, 2009 is a state impediment for the purposes of 28 U.S.C. § 2244 (d)(1)(B).

ECF No. 24.

The confiscation of Petitioner's legal documents is not a state impediment for the purpose

of 28 U.S.C. §  2244.  Petitioner's limited separation from his  legal materials did not prevent him

---

[3]When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal
holiday, the time for such action shall be extended to the next business day."  Ark. R. App. P. Crim. R.
17.  Eighteen days from February 6 is February 24.  In 2008, February 24 fell on a Sunday.
Accordingly, the last day for Petitioner to petition for review or rehearing was February 25, 2008.

from filing his petition. He had a "reasonably adequate opportunity to present claimed violations" when he regained access to his materials from October 6, 2008 to January 20, 2009. Further, Petitioner does not allege he was denied access to the courts and in fact could have filed his petition at any time during the one year following his conviction being affirmed. Therefore, the confiscation of Petitioner's materials does not qualify as a state created impediment.

### 2. Equitable Tolling of the One-Year Limitation Period:

The United States Supreme Court has held that the one-year statute of limitations in Section 2244(d) is subject to the doctrine of equitable tolling. *See Holland v. Florida*, __ U.S. __, __, 130 S.Ct. 2549, 2560 (2010). However, equitable tolling is only proper when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)(quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). A petitioner seeking equitable tolling must establish that: (1) some extraordinary circumstance stood in his way and prevented timely filing, and (2) he pursued his rights diligently. *See Holland*, 130 S.Ct. at 2562. Here, Petitioner argues that the confiscation of his legal materials from October 19, 2007 through October 8, 2008 and again from January 20, 2009 until July 9, 2009 warrants equitable tolling of the one-year limitation period.[4] ECF No. 24.

The confiscation of Petitioner's legal documents does not amount to an extraordinary circumstance that prevented him from filing the Petition within the one-year period. *Pro se* status

---

[4]The time period before February 26, 2008 is irrelevant. It occurred before the Arkansas Court of Appeals's mandate and thus before the commencement of the one-year limitation period under 28 U.S.C. § 2244 (d)(1)(A).

and lack of legal knowledge or resources typically do not warrant extraordinary circumstances that justify equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004)(citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)). In *Preston*, the court held that the petitioner did not qualify for equitable tolling when he filed his petition after the one-year limitations period. *Preston v. State*, No. 99-3261, 221 F.3d 1343, 2000 WL 995013, at *1 (8th Cir. 2000)(per curiam). The petitioner argued that equitable tolling should apply because he did not receive legal documents, and he was unaware of the applicable statute of limitations. *Id.* The court rejected his argument and concluded that unfamiliarity with federal law and inability to obtain legal documents did not constitute extraordinary circumstances. *Id.* Like the petitioner in *Preston,* Petitioner did not have access to legal documents because he was transferred between prison facilities. Therefore, the seizure of Petitioner's legal documents and his status as a *pro se* petitioner does not constitute an extraordinary circumstance.

Further, Petitioner did not pursue his rights diligently. The Eighth Circuit has declined to apply the doctrine of equitable tolling if a *habeas* petitioner has not diligently pursued his rights. *See Earl*, 556 F.3d 717 at 726. Requisite diligence has been established when petitioners filed the *habeas* petition within one day or one month of receiving delayed notices. *See Id.* at 724 (citing *Diaz v. Kelly*, 515 F.3d 149, 155-56 (2nd Cir. 2008); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)). *But see Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)(holding that the petitioner did not establish requisite diligence when he waited five months after judgment of conviction became final to file *habeas* petition). Here, Petitioner had access to his legal materials from October 8, 2008 to January 20, 2009. He had over three months to prepare and timely file his *habeas* petition. Because Petitioner did not use this time to file the petition, he did not pursue his rights diligently.

**D. Conclusion:**

Petitioner's conviction became final on February 25, 2008.  The one-year statute of limitations of § 2244(d)(1)(A) began to run on that date.  Petitioner had until February 25, 2009 in which to file his Petition for writ of *habeas corpus* in this Court.  He failed to file the instant Petition until September 20, 2009.  Neither the statutory provision of section 2244(d)(1)(B) nor equitable tolling operate to extend the one-year statute of limitations.

**E. Recommendation:**

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[5]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this **12th of June 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5]"A federal court may dismiss a claim without any evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir. 1984.)