IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAVELLE EVANS                                                                                          PETITIONER

v.                                            No. 1:11-CV-1005

RAY HOBBS, Director,
Arkansas Department of Correction                                                           RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed June 12, 2012, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 26). Judge Bryant recommends that the above-styled petition be denied as untimely for failure to submit a Petition for writ of *habeas corpus* within the one-year statute of limitations required to proceed with this action under 28 U.S.C. § 2244(d)(1)(A). Petitioner has filed objections to the Report and Recommendation. (ECF No. 30). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

On September 30, 2009, the Petitioner submitted a Petition for writ of *habeas corpus* with this Court regarding a 2006 Arkansas state-court conviction for drug and firearm offenses.[1] (ECF No. 1). The circuit court sentenced him as a habitual offender to an aggregate term of 80 years imprisonment to run consecutive to Petitioner's federal-prison sentence. On October 19, 2007, while his Arkansas state court appeal was pending, Petitioner was transferred from Three Rivers FCI, a federal correctional facility, to Dallas County, Texas, via a writ of *habeas corpus ad proseuendum*

---

[1] The docket reflects a January 19, 2011 file date for the Petition. However, a provisional filing order related to the Petition was created on September 30, 2009. For inexplicable reasons, as explained in Judge Bryant's January 19, 2011 Order (ECF No. 2), the Petition did not become a part of the Court's CM/ECF database until January 19, 2011. Judge Bryant's *nunc pro tunc* order clarified that the Petition is to be considered as filed on September 30, 2009.

to face others charges. (ECF No. 11, exs. 1-4).  On February 6, 2008, the Arkansas Court of Appeals affirmed Petitioner's conviction and sentence. *Evans v. State*, No. CACR 07-276, 2008 WL 316181, at *5 (Ark. Ct. App. Feb. 6, 2008).  On October 6, 2008, Petitioner was returned to Three Rivers FCI. *Id*.  While at Three Rivers FCI, Petitioner spent January 20, 2009 through July 9, 2009 in administrative detention. (ECF No. 11, exs. 1-2). During his time in the Dallas County jail and in administrative detention at Three Rivers FCI, officials confiscated Petitioner's legal materials and placed them in storage. (ECF No. 11, exs. 1-4).

Petitioner objects to Judge Bryant's finding that the time to file his petition should not be subject to statutory tolling.  For a petition statute of limitations to be tolled, "state action in violation of the Constitution or law of the United States" must have created an impediment to filing the petition.  28 U.S.C. § 2244(d)(1)(B).  Judge Bryant found that the confiscation of Petitioner's legal documents was not a state impediment for the purpose of 28 U.S.C. § 2244.  Judge Bryant also found that Petitioner's limited separation from his legal materials did not prevent him from filing his petition and that he had a "reasonably adequate opportunity to present claimed violations" when he regained access to his materials from October 6, 2008 to January 20, 2009.

Under 28 U.S.C. § 2244, the Petitioner had one year from the appellate review decision of February 6, 2008 to file the appropriate petition.  Thus, the Petitioner could have filed his petition from October 6, 2008 to January 20, 2009 when he had access to his legal materials.  Furthermore, even during the periods from February 2008 to October 2008 and January 2009 to July 2009 when Petitioner was without his legal documents, he was not actually denied access to the courts or prevented from filing a petition.  In sum, Petitioner could have filed his petition at any time during the year following his conviction being affirmed.  Petitioner's limited separation from his legal

materials did not prevent him from timely filing his petition and did not amount to a state-created impediment to filing a petition.

Petitioner further objects to Judge Bryant's finding that the time to file a petition should not be subject to equitable tolling. Equitable tolling is only appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). As mentioned above, the Petitioner could have filed from October 6, 2008 to January 20, 2009 when he had access to his legal materials. He also could have drafted a petition during the period when he did not have access to his legal materials. For these reasons, the confiscation of Petitioner's legal documents does not amount to an extraordinary circumstance that prevented him from filing the Petition within the one-year period provided by the statute.

The Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation in its entirety. For the reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 26), the instant Petition (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of August, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge