IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAVELLE EVANS                                                                    PETITIONER

v.                                     No. 1:11-CV-1005

RAY HOBBS, Director,
Arkansas Department of Correction                                                RESPONDENT

## ORDER

Before the Court is Petitioner's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 42). The State of Arkansas has responded. (ECF No. 44). Petitioner has filed a reply. (ECF No. 46). The Court finds this matter ripe for consideration.

Defendant is asking the Court to vacate its Order (ECF No. 31) adopting the Report and Recommendation (ECF No. 26) of Magistrate Judge Barry Bryant. The Court's order denied Petitioner's motion for post-conviction relief under 28 U.S.C. § 2254 (ECF No. 1 & 11), finding that his petition was untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A).[1] Thereafter, Petitioner filed a Notice of Appeal (ECF No. 32) and a Motion for Certificate of Appealability. (ECF No. 33). The Motion for Certificate of Appealability was denied. (ECF No. 34). The Eighth Circuit Court of Appeals also denied Petitioner's Motion for Certificate of Appealability and dismissed his appeal on March 22, 2013. (ECF No. 40).

On April 8, 2013, Petitioner filed the present motion. Petitioner's motion does not raise any claims or arguments that were not raised prior to the dismissal of his § 2254 petition.[2] He

---

[1] The docket reflects a January 19, 2011 file date for the Petition. However, a provisional filing order related to the Petition was created on September 30, 2009. For inexplicable reasons, as explained in Judge Bryant's January 19, 2011 Order (ECF No. 2), the Petition did not become a part of the Court's CM/ECF database until January 19, 2011. Judge Bryant's *nunc pro tunc* order clarified that the Petition is to be considered as filed on September 30, 2009.

[2] The Court finds that Petitioner's Rule 60(b) motion is not barred by the rules restricting second or successive post-conviction petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (holding that a Petitioner's Rule 60 motion is not considered a successive petition when he "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.")

argues only that the Court erred in finding that his petition was untimely. Repeating arguments first raised in his objections to Judge Bryant's Report and Recommendation, Petitioner claims that he submitted a timely petition to the clerk's office on January 29, 2009—twenty-seven days before the one-year statute of limitations was to run on his § 2254 claims. While there is no evidence that any such petition was actually received by the clerk's office, the Petitioner maintains that the clerk's office committed error by not docketing it.[3] Petitioner argues that this "failure" by the clerk's office entitles him to relief under Federal Rule of Civil Procedure 60(b)(6).

The Respondent makes two primary objections to Petitioner's motion. First, Respondent argues that the Rule 60(b) motion is untimely because it was not brought within a reasonable period of time after the judgment was entered. Specifically, Respondent argues that it was not filed within a reasonable period of time because it was filed after the Eighth Circuit's dismissal of Petitioner's appeal. Second, Respondent argues that Petitioner's claims regarding his alleged January 2009 petition are not credible and do not warrant relief under Rule 60(b).

Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case, and it should not be used as a substitute for a timely appeal. *Nichols v. United States*, 400CR00022-03-WRW, 2006 WL 3420303 (E.D. Ark. Nov. 28, 2006); *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980). A motion brought under any provision of Rule 60(b) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes "a reasonable time"

---

[3] In an earlier pleading, Petitioner did acknowledge the possibility that the clerk's office never received his January 2009 correspondence. (ECF No. 30, p. 8).

depends on the circumstances surrounding the motion. *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir.2004).

Respondent points out, Petitioner's Rule 60(b) motion fails to present arguments not previously presented and considered by the Court in its decision to dismiss. Not only have these arguments already been considered and dismissed by this Court, they have been considered and dismissed by the Eighth Circuit Court of Appeals. In essence, Petitioner is attempting to get a third bite at the apple by "appealing" this Court's dismissal for a second time. Under these circumstances, Petitioner's motion, which was filed after his appeal, was not filed within a reasonable period of time and should not be considered. *See Elder-Keep v. Aksamit*, 8:03CV458, 2007 WL 397010 (D. Neb. Feb. 1, 2007) aff'd, 254 F. App'x 556 (8th Cir. 2007) (denying Petitioner's Rule 60 motion and finding that it "reasserts issues made in earlier motions and issues presented to and decided by the Eighth Circuit Court on appeal….[Petitioner's] Motion for Rule 60 Relief does not raise a ground for reversal that could not have been presented to the appellate court on direct appeal.")

Petitioner's motion also fails on its merits. In all of Petitioner's pleadings leading up to the entry of Judge Bryant's Report and Recommendation, Petitioner acknowledged that his petition was filed after the one-year statute of limitations had expired in February 2009. Petitioner's arguments for timeliness centered on theories of statutory tolling and equitable tolling. He maintained that a forced, months long separation from his legal materials prevented him from filing a timely petition. Petitioner's tolling arguments were rejected in Judge Bryant's Report and Recommendation and in this Court's order adopting the Report and Recommendation. In his objections to the Report and Recommendation, Petitioner claimed for the first time that he did in fact file a timely Petition in January 2009 but that the clerk's office failed to docket it.

The Court finds that Petitioner's allegations are not sufficient to entitle him to relief under Rule 60. Because Petitioner's arguments and theories regarding his alleged January 2009 petition were first raised in his objections, the Court was not permitted to consider them in its review of the Report and Recommendation. *Hylla v. Transportation Commc'ns Int'l Union*, 536 F.3d 911, 921–22 (8th Cir. 2008) (holding that claims and arguments raised in objections but not presented to the Magistrate should not be considered by the district court when reviewing the Report and Recommendation). However, reviewing these new claims now, the Court finds that the legal outcome remains the same.

Petitioner claims that on January 29, 2009, "a hand written 28 U.S.C. 2254 petition was mailed to the district clerk's office along with a request for an extension of time….However, the clerk's office failed to file the petition[.]"[4] The Court has no evidence indicating that this January 29 correspondence was received by the clerk's office. Petitioner wrote a follow up letter to the Court on March 1, 2009 referencing his January 29, 2009 correspondence. (ECF No. 30, p. 22). This March 1 letter was received by the clerk's office on March 10, 2009. The letter inquired about an extension of time to file a § 2254 petition and referenced the case number in which he wanted his January 30 pleadings docketed. The clerk responded to Petitioner on March 10, 2009 informing him that his January 29 correspondence was not received and that the case numbers he referenced could not be found in the ECF system. (ECF No. 30, p. 22). The clerk noted that the case numbers he referenced appeared to be from the state court system, and the clerk provided Petitioner with correct mailing addresses for various state court clerk's offices so he could inquire with them about the pleadings he said he mailed on January 29. Petitioner

---

[4] It should be noted that Petitioner's statements about this alleged January 29 correspondence are somewhat conflicting. In a pleading from May 2, 2012, Petitioner states that his petition was a "work in progress" on January 20, 2009 when his legal materials were confiscated. (ECF No. 24, p. 4-5). He then goes on to say that, at the beginning of February 2009, he failed in his attempts to "regain the work in progress petition" and mailed his request for an extension of time to file the petition. The Court assumes that Petitioner was referring to his alleged January 29 correspondence. Tellingly, Petitioner's May 2012 recollection of this January 2009 letter only refers to a request for an extension, not a completed petition.

4

received a further response (via letter) from the Court on March 19, 2009 stating that the Court could not extend Petitioner's time to file a petition. (ECF No. 42, p. 3)

The evidence before the Court suggests that Petitioner's alleged January 2009 petition was never received. Petitioner himself has acknowledged the possibility of non-receipt. (ECF No. 30, p. 8). Simply put, the Court has no basis on which to declare that a petition was actually received in January 2009. Petitioner has continually failed to show that he filed a timely petition or that extraordinary circumstances prevented him from filing a timely petition. Accordingly, the Court's previous rulings remain in effect and Petitioner's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 42) is **DENIED**.

Because Petitioner's Rule 60(b) motion challenges prior rulings on his § 2254 motion, he will not be able to appeal the denial of his Rule 60(b) motion without a Certificate of Appealability ("COA"). *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir.) ("[a] certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief"), cert. denied, 545 U.S. 1135, 125 S.Ct. 2953, 162 L.Ed.2d 879 (2005). Petitioner has not made "a substantial showing of the denial of a constitutional right," (28 U.S.C. § 2253(c)(2)), nor has he identified anything novel, noteworthy or worrisome about his case that might cause it to warrant further appellate review. The Court finds no reason to believe that Petitioner's current Rule 60(b) motion could be decided any differently in any other court, including the Eighth Circuit Court of Appeals. Therefore, Defendant will not be granted a COA.

**IT IS SO ORDERED**, this 17th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

5